UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL SMITH,
                             Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,
                             Defendants.

18-CV-33 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Gabriel Smith brings this *pro se* action pursuant to 42 U.S.C. § 1983, detailing upwards of twenty incidents occurring during his incarceration. Smith names as Defendants the City of New York ("City") and nine individual Department of Correction employees. A subset of Defendants move to dismiss the claims against them. For the reasons that follow, the motion is granted.

**I.    Background**

    Smith initiated the instant action on January 2, 2018. (*See* Dkt. No. 1 ("Initial Compl.").) On May 18, 2018, Chief Judge McMahon issued an order dismissing the complaint with leave to amend. (Dkt. No. 6 at 5.) On May 31, 2018, Smith filed an amended complaint (Dkt. No. 7), and on July 17, 2018, Judge Sullivan issued a *sua sponte* order dismissing the complaint without prejudice. (Dkt. No. 9.)

    After a series of further amendments, on April 5, 2019, Plaintiff filed the now-operative Fourth Amended Complaint. (*See* Dkt. No. 64 ("FthAC").) That complaint alleges that Defendants the City, Captains Brown and O'Hara, and Correction Officers ("COs") Blake, Brown, Camacho, Dockery, Lake, Ogletree, and Sclafani violated Smith's civil rights during his incarceration. Broadly construed, the Fourth Amended Complaint appears to raise federal law

1

claims of unlawful use of force, failure to protect/intervene, deliberate indifference to medical needs, retaliation, violation of due process, denial of medical treatment, and denial of the right to practice religion. A subset of Defendants — namely, the City, Captain Brown and COs Brown, Dockery, Lake, Ogletree, Perez, and Sclafani ("Moving Defendants") filed the motion to dismiss presently before the Court on May 14, 2019. (Dkt. No. 75.)

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering such a motion, a court must accept the factual allegations in the plaintiff's complaint as true and draw all inferences in the plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). Additionally, a complaint "filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Consistent with the duty to liberally construe *pro se* pleadings, a court considering a motion to dismiss a *pro se* complaint may also consider and credit allegations advanced in opposition papers and other filings. *See Henning v. N.Y.C. Dep't of Corr.*, No. 14 Civ. 9798, 2016 WL 297725, at *3 (S.D.N.Y. Jan. 22, 2016).

## III. Discussion

### A. Personal Involvement

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Smith fails to allege the personal involvement of any defendant in most of

the incidents catalogued in the complaint. Incidents lacking any allegation establishing the personal involvement of any defendant include: on January 9, 2015, Smith was denied medical attention until 2:30 a.m. (FthAC ll. 39–40); on an unspecified date, Smith's I.D. was stolen and he was not given a new I.D. until being relocated to the George Mochan Detention Center (FthAC ll. 62–64.); on an unspecified date, there were no "separations" placed between Smith and his aggressors, and there was no police investigation of the incident (FthAC ll. 65–68); on March 21, 2015, John Stewart assaulted Smith (FthAC ll. 84–89); on March 28, 2015, Smith was "gang assaulted" when he was erroneously located in a disciplinary housing unit (FthAC ll. 90–99); on an unspecified date, Smith was assaulted in 4 dorm upper[1] (FthAC ll. 113–22); on March 29, 2015, Smith was "gang assaulted" by gang members (FthAC ll. 126–31); on September 3, 2015, Dennis Moore assaulted Smith (FthAC ll. 158–62); on an unspecified date, Smith contacted Prisoner's Rights Project and was transferred to areas where "there would have been violence" (FthAC ll. 188–94); after leaving DOC custody, Smith's medical consent forms were not sent to his new facility (FthAC ll. 210–14); on an unspecified date, the Anna M. Kross Center denied Smith the right to practice his religion (FthAC ll. 232–34); and on an unspecified date, Smith contacted Prisoner's Rights Project, prompting Smith's transfer to housing locations where he could have been assaulted (FthAC ll. 235–38). To the extent Smith intends to assert claims against the Moving Defendants[2] grounded in the foregoing conduct, those claims are dismissed.

---

[1] Smith alleges CO Sclafani was present and intervened, but there is no allegation that any named Defendant participated in any violation of a constitutional right.

[2] Moving Defendants also argue that Smith has failed to allege the personal involvement of nonmoving Defendants Blake and Williams with respect to the January 9, 2015, "gang assault[]" in "9 Mod B side." (*id.* ll. 24–38, 55–61). But Smith's Fourth Amended Complaint states that C.O. Blake was "sitting in the area" of the assault, while C.O. Williams was in the "officer's station" (*Id.* ll. 56–58), and that the defendants "knew [Smith] was [b]eing assaulted

3

**B.     Statute of Limitations**

The statute of limitations for a § 1983 claim is governed by the limitations period that "the law of the State in which the cause of action arose" applies to personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In New York, the relevant limitations period is three years, *see* N.Y. C.P.L.R. § 214(5), so Smith's complaint "must have been filed within three years of the accrual of [his] claim," *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015).  Under federal law, which governs the question of when a § 1983 claim accrues, "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Wallace*, 549 U.S. at 388).

Because the Fourth Amended Complaint was filed on April 5, 2019, any § 1983 claims that accrued before April 5, 2016, are barred, unless they can be shown to relate back to an earlier filing.  These include the allegations that on January 6, 2015, CO Perez permitted inmates to steal Smith's personal belongings[3] (FthAC ll. 1–7); on March 13, 2015, CO Ogletree failed to

---

and did not do anything to . . . intervene[] to stop" the assault from occurring. (*Id.* at ll. 58–61.) Nonetheless, Blake and Williams are not among the Moving Defendants, and the Court need not address the claims against them at this juncture.

[3] Smith suggests that this allegation relates back to the Initial Complaint, which pleaded that on January 6, 2017 — two years before the incident alleged in the Fourth Amended Complaint — CO Brown (rather than CO Perez) was present when some of Smith's belongings were stolen. (Dkt. No. 1 ("Initial Compl.") at 3.)  It is the plaintiff's burden to establish that an amended claim relates back to the date of the original complaint. *See S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc.*, No. 10 Civ. 7547, 2013 WL 1234937, at *3 (S.D.N.Y. Mar. 26, 2013). "[I]f the applicable statute of limitations is determined by state law — as is the case here — courts should assess both the state and federal relation back doctrines and apply whichever law is more generous." *Anderson v. City of Mount Vernon*, No. 09 Civ. 7082, 2014 WL 1877092, at *2 (S.D.N.Y. Mar. 28, 2014).

Under New York's general relation-back statute, three conditions must be satisfied in order for claims against one defendant to relate back to claims asserted against another:

> (1) [B]oth claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with

4

protect Smith and allowed him to be assaulted (FthAC ll. 69–77); Captain O'Hara used unlawful force and sprayed Smith while Captain Brown was present (FthAC ll. 146–50.)[4]; on September 3, 2015, Captain Brown lied, stating that Smith injured himself, and denied him medical treatment (FthAC ll. 165–67); and sometime after the September 3, 2015, Smith was transferred back to "V.C.B.C.," and Captain Brown continued to deny Smith medical treatment (FthAC ll. 183–88). And there is no timely allegation to which these allegations relate back. Accordingly, they are dismissed.

### C. Deliberate Indifference

Finally, Smith alleges that he was transferred to a facility that did not consider his "heat sensitive" condition and thus was moved to "O.B.C.C.[']s intake pens," which were air-conditioned. (*Id.* ll. 169–77.) To establish a § 1983 claim for deliberate indifference to

---

such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

*Buran v. Coupal*, 661 N.E.2d 978, 981 (N.Y. 1995) (quoting *Brock v. Bua*, 443 N.Y.S.2d 407, 412 (App. Div. 2d Dep't 1981)).

By comparison, Federal Rule of Civil Procedure 15(c)(1)(C) allows relation-back if (1) "the amendment changes the party or the naming of the party against whom a claim is asserted;" (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading"; (3) the new party "received such notice of the action" within the period provided by Rule 4(m) "that it will not be prejudiced in defending on the merits"; and (4) the new party "knew or should have known that the action would have been brought against it," within the period provided by Rule 4(m), "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C).

The present allegation bears only a faint resemblance to the allegation in the Initial Complaint, and relation back is unwarranted, as Smith cannot meet, at a minimum, the second or third prong of New York's relation back test, nor the third prong of Rule 15(c)(1)(C).

[4] No date is given for this incident in the Fourth Amended Complaint, but Smith's other filings indicate it occurred on June 20, 2015. (*See* Dkt. No. 25 ¶ 23.)

5

medical needs, Smith must allege, among other requirements, "that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process."[5] *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A deprivation is sufficiently serious if it "'pose[s] an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* (internal citation omitted) (first quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013); and then quoting *LaReau v. MacDougall*, 473 F,.2d 974, 978 (2d Cir. 1972)). Smith's allegations do not rise to that level; indeed, they reflect Defendants' acknowledgment of and adjustment to his "heat sensitive" condition, as Smith alleges he was moved into an air-conditioned facility. Accordingly, this claim is dismissed.

### D. Claims Against New York City

"To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). Like Smith's prior complaints, his Fourth Amended Complaint fails to allege a custom or policy, and thus the claims against the City are dismissed.

In sum, Smith's claims against each Moving Defendant — the City of New York, Captain Brown, and COs Lake, Sclafani, Ogletree, Brown, Dockery, Perez — are dismissed.

---

[5] It is unclear from the Fourth Amended Complaint whether Smith was a pretrial detainee or a convicted inmate at the time of the alleged deprivation. A detainee's rights under the Due Process Clauses are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Because Smith cannot satisfy the more forgiving standard applicable to pretrial detainees, it follows that he cannot meet the more demanding standard under the Eighth Amendment, and the Court need not determine which applies.

**IV.   Conclusion**

For the foregoing reasons, Moving Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 75.

Counsel for Defendants is directed to mail a copy of this order to Plaintiff within 10 days.

SO ORDERED.

Dated: April 6, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge