UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GABRIEL SMITH,

                     Plaintiff,              18-CV-0033 (JPO) (OTW)

         -against-                 **ORDER OF SERVICE**

CITY OF NEW YORK, et al.,

                     Defendants.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**BACKGROUND**

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging civil rights violations occurring during his incarceration. Plaintiff filed an initial complaint on January 2, 2018, and filed amended complaints on May 31, 2018; August 1, 2018; October 25, 2018; and April 9, 2019. (ECF 1, 7, 10, 25, 64). The operative Fourth Amended Complaint ("FAC") brought claims against the City of New York ("City") and New York City Department of Correction ("DOC") employees: Captains Brown and O'Hara and Correction Officers Blake, Brown, Camacho, Dockery, Lake, Ogletree, Perez, Williams, and Sclafani. (ECF 64). On April 6, 2020, the Court granted the May 14, 2019 motion to dismiss the FAC made by the City, Captain Brown, and Officers Dockery, Lake, Ogletree, Perez, and Sclafani. (ECF 93). An Initial Pretrial Conference with the remaining parties was scheduled for March 3, 2021. (ECF 95). On January 27, 2021, the New York City Law Department submitted a letter requesting "an adjournment, *sine die*, of all deadlines and conferences in this matter because, upon information and belief, none of the remaining defendants have been properly served with process." (ECF 97).

As relevant here, following filing of the Third Amended Complaint, the Court requested that Defendants, including Officers Camacho, Blake, Williams, and Captain O'Hara (collectively, "Remaining Defendants"), waive service of summons. (ECF 32). On December 20, 2018, DOC waived service for Defendant O'Hara. (ECF 33). However, the New York Law Department subsequently informed the Court that the City and DOC were unable to contact retired Captain O'Hara at his last known address, which was confirmed through a so-ordered subpoena to the New York City Employees' Retirement System, and that it was thus unable to extend representation to Captain O'Hara (ECF 48, 51). In its January 27, 2021 letter, the New York Law Department stated that "it appears that DOC prematurely and improperly waived service of process on behalf of Captain O'Hara" since "service of process was inadvertently waived on Captain O'Hara's behalf without DOC receiving proper authorization from former Captain O'Hara for it to do so . . . Consequently, former Captain O'Hara has not been properly served with process." (ECF 99). Moreover, on January 8, 2019, DOC declined to waive service of the Third Amended Complaint on behalf of Officers Camacho, Williams, and Blake on the grounds that "[n]ot enough identifiable information [was] provided" by Plaintiff. (ECF 38). The Court has not ordered the Remaining Defendants to waive service of the FAC.

## DISCUSSION

In the FAC and other filings, Plaintiff supplies identifying information regarding the Remaining Defendants. For example, Plaintiff alleges that Plaintiff was assaulted on January 9, 2015 around 9:00 pm at "9 Mod B side," under the watch of Officers Blake and Williams (ECF 64 ¶¶ 24–38, 55–61; ECF 93 at 3 n.2). Plaintiff also says that he was subsequently interviewed about the incident by C.I.B. Officer Camacho at Anna M. Kross Center on January 10, 2015 and

January 11, 2015. (ECF 64 ¶¶ 46-49; ECF 81 ¶¶ 103-05). Moreover, DOC has already acknowledged that it has identified Captain O'Hara and ascertained his last known address. (ECF 48, 51; *see also* ECF 93 at 5 n.4).

Within **30 days** of this Order, if DOC is now able to identify and contact any of the Remaining Defendants, they are requested to waive service of summons on their behalf.

Within **60 days** of this Order, if DOC is still not able to identify any of the Remaining Defendants, the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity and badge number of the Remaining Defendants and the address where each may be served and provide this information to Plaintiff and the Court.[1] *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant). If the New York City Law Department still cannot identify any of the Remaining Defendants within **60 days** of this Order, the New York City Law Department must provide the Court with a status letter detailing its efforts to identify them.

The New York City Law Department's request to adjourn the Initial Pretrial Conference, *sine die*, is **GRANTED**.

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order, as well as mail a copy of the

---

[1] If the defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

Order to the New York City Law Department at 100 Church Street, New York, NY 10007. The Clerk of Court is also directed to mail a copy of this Order to *pro se* Plaintiff and to **close ECF 97**.

**SO ORDERED.**

Dated: New York, New York
February 19, 2021

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge