UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GABRIEL MASSEY-SMITH,
                     Plaintiff,

              -v-

CAPTAIN O'HARA, *et al.*,
                     Defendants.

18-CV-33 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      In this Section 1983 action, *pro se* Plaintiff Gabriel Massey-Smith brings claims against former Officer Blades, Officer Williams, Officer Camacho, and former Captain O'Hara, who are current or former officers with the New York City Department of Correction ("DOC"). The only remaining claims in the fourth amended complaint are (i) a failure to protect claim against Officer Williams and former Officer Blades; (ii) a failure to protect claim against Officer Camacho; (iii) a federal excessive force claim against former Captain O'Hara; and (iv) a deliberate indifference claim against former Captain O'Hara. Defendants move to dismiss the fourth amended complaint for failure to state a claim. For the reasons that follow, Defendants' motion is granted.

**I.    Background**

      The following comes from the allegations in the fourth amended complaint, which "are assumed to be true." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021).

**A.    Factual Background**

      Plaintiff Gabriel Massey-Smith is a prisoner under the supervision of the New York City Department of Correction. (*See* Dkt. No. 64 ("Fourth Am. Compl.").) Plaintiff alleges that on January 6, 2015, he was moved to the 9 Mod B side of his detention center. (*See* Fourth Am.

1

Compl. ¶ 13.)  Soon after, on January 9, 2015, Plaintiff alleges that he was assaulted by 9 Bloods gang members.  (*See* Fourth Am. Compl. ¶ 25.)  At that time, Plaintiff alleges, the 9 Mod B side was under the watch of Officer Williams and former Officer Blades.  (*See* Fourth Am. Compl. ¶¶ 37-38.)  Plaintiff alleges that Officer Blades was "sitting in the area" and Officer Williams was "in the officer's station"; they "knew [that he] was being assaulted and did not do anything to . . . intervene[] to stop that situation from happening."  (Fourth Am. Compl. ¶¶ 55-61.)

Plaintiff alleges that following the incident, he was "investigated/interviewed" by officers including Officer Camacho.  (*See* Fourth Am. Compl. ¶¶ 46-49.)  According to Plaintiff, during that interview, he was "shown photographs of the people housed in 9 Mod," and he pointed out the perpetrators.  (*See* Fourth Am. Compl. ¶¶ 50-53.)  This resulted in Plaintiff's relocation.  (*See* Fourth Am. Compl. ¶¶ 46-64.)  At a later unspecified time, Plaintiff further alleges that former Captain O'Hara used "unlawful force" when he "physically assaulted" other inmates and "sprayed the rest of" the people there, including Plaintiff.  (*See* Fourth Am. Compl.  ¶¶ 145-149.)

Finally, Plaintiff alleges that he was assaulted with a scalpel on September 3, 2015.  (*See* Fourth Am. Compl. ¶¶ 158-160.)  Afterwards, Plaintiff alleges, an officer named Captain Brown lied, stating that [he] cut [himself] with his I.D. and cover[ed] up the altercation then denied [him] medical treatment."  (*See* Fourth Am. Compl. ¶¶ 165-168.)  Plaintiff further alleges that Captain Brown and Captain O'Hara "wrote a report to [g]et [him] transferred to O.B.C.C. Emergency Security Housing . . . [and] Emergency Security Unit."  (*See* Fourth Am. Compl. ¶¶ 169-172.)  Because Plaintiff is "heat sensitive," he "was moved to O.B.C.C.'s intake [p]ens where it was air conditioning."  (*See* Fourth Am. Compl. ¶¶ 174-177.)

**B.    Procedural History**

Plaintiff filed the initial complaint in this action on January 2, 2018.  (*See* Dkt. No. 1 ("Compl.").)  The fourth amended complaint, filed on April 5, 2019, alleged that Defendants the

City of New York, Captains Brown and O'Hara, and Officers Blades, Brown, Camacho, Dockery, Lake, Ogletree, Perez, Sclafani, and Williams violated Plaintiff's civil rights during his incarceration.  (*See* Fourth Am. Compl.)  Defendants the City of New York, Captain Brown, and Officers Brown, Dockery, Lake, Ogletree, Perez, and Sclafani moved to dismiss the claims against them under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim.  (*See* Dkt. No. 75.)  The Court granted that motion and dismissed those defendants.  (*See* Dkt. No. 93.)

The remaining claims in the fourth amended complaint target Defendants former Officer Blades, Officer Williams, Officer Camacho, and former Captain O'Hara.  The operative complaint can be read to assert (i) a failure to protect claim against Officer Williams and former Officer Blades (*see* Fourth Am. Compl. ¶¶ 37-38); (ii) a failure to protect claim against Officer Camacho (*see* Fourth Am. Compl. ¶¶ 46-49); (iii) a federal excessive force claim against former Captain O'Hara (*see* Fourth Am. Compl. ¶¶ 145-149); and (iv) a deliberate indifference claim against former Captain O'Hara (*see* Fourth Am. Compl. ¶ 174-177.)  Defendants move to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Dkt. No. 136.)

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint for failure to state a claim upon which relief can be granted."  To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  A

3

complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

### III. Discussion

Defendants' motion is granted. The fourth amended complaint fails to state a claim against former Officer Blades, Officer Williams, Officer Camacho, or former Captain O'Hara. The claims against Officer Williams and former Officer Blades are dismissed as time barred. The claim against Officer Camacho is dismissed for lack of personal involvement. The claims against former Captain O'Hara are dismissed as withdrawn.

#### A. Officer Blades and Officer Williams

The statute of limitations for a § 1983 claim is governed by the limitations period that "the law of the State in which the cause of action arose" applies to personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In New York, the relevant limitations period is three years, *see* N.Y. C.P.L.R. § 214(5), so Smith's complaint "must have been filed within three years of the accrual of [his] claim," *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015). Under federal law, which governs the question of when a § 1983 claim accrues, "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Wallace*, 549 U.S. at 388).

Because the Fourth Amended Complaint was filed on April 5, 2019, any § 1983 claims that accrued before April 5, 2016, are barred, unless they can be shown to relate back to an earlier filing. Plaintiff alleges that Officer Blades and Officer Williams failed to protect him

4

from a gang assault on January 9, 2015. (*See* Dkt. No. 64 ¶¶ 24-38, 55-61.) Plaintiff does not attempt to show that this allegation relates back to an earlier filing, and in any event, as Defendants explain, no timely filing contains any similar allegation. (*See* Dkt. No. 137 at 12.) These claims are therefore dismissed as untimely.

### B. Officer Camacho

Plaintiff's claim against Officer Camacho is dismissed because he does not allege Officer Camacho's personal involvement in any constitutional deprivation. "[T]o establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). The only mention of Officer Camacho in the fourth amended complaint is that he "investigated/interviewed" Plaintiff after he was assaulted by gang members. (*See* Fourth Am. Comp. ¶¶ 46-49.) But Plaintiff does not allege any misconduct by Officer Camacho during this interview or afterwards. Because Plaintiff does not "attribute any of the actions giving rise to [his] allegations" of assault, excessive force, and failure to protect to Officer Camacho, it is appropriate to dismiss Officer Camacho from this case. *Sforza v. City of New York*, No. 07-CV-6122, 2009 WL 857496, at *7 (S.D.N.Y. Mar. 31, 2009).

### C. Former Captain O'Hara

Plaintiff has withdrawn his claims against Captain O'Hara. After Defendants requested and received a briefing schedule on their anticipated motion to dismiss (*see* Dkt. No. 120,) Plaintiff submitted a letter stating that he "will agree Captain O'Hara, yes, you could dismiss him." (*See* Dkt. No. 125 ¶¶ 6-7.) Accordingly, the claims against Captain O'Hara are dismissed. *See Shalom v. Hunter Coll. of City Univ. of New York*, 645 F. App'x 60, 63 (2d Cir. 2016) (affirming summary judgment where *pro se* plaintiff withdrew her § 1983 claim by letter).

Further, the fourth amended complaint does not state a claim against Captain O'Hara. For the reasons explained in this Court's April 26, 2020 opinion and order, Plaintiff's excessive force claim that "Captain O'Hara used unlawful force and sprayed [Plaintiff] while Captain Brown was present" is time barred. (Dkt. No. 93 at 4-5.) As also explained in that opinion, Plaintiff's allegations that Captain O'Hara was deliberately indifferent to his medical needs also does not state a claim. Instead, Plaintiff's allegations reflect Captain O'Hara's "acknowledgment of and adjustment to [Plaintiff's] 'heat sensitive' condition." (Dkt. No. 93 at 6.)

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to mail a copy of this opinion and order to the *pro se* party in this matter.

The Clerk of Court is directed to close the motions at Docket Number 136.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 8, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge